Newman C. Brackin Clerk Circuit Court Crestview
QUESTION:
Does a resolution of the Board of County Commissioners of Okaloosa County adopted pursuant to Ch. 77-394, Laws of Florida, directing the clerk of the circuit court to obtain bids from local banking institutions and to invest the county's available surplus funds comply with those provisions of Ch. 77-394, codified as ss.218.407(2) and 125.31, F. S.?
SUMMARY:
Sections 125.31 and 218.407, F. S., authorize, but do not require, boards of county commissioners to invest a county's surplus funds in certain enumerated investments; however, s. 125.31 does not authorize such boards to delegate their statutorily prescribed investment authority to the clerk of the circuit court, or to make the boards' investments with `local banking institutions,' except for `Bank trust receipts' as specified in paragraph (2)(b) of s. 125.31. Authorization for investments with local banking institutions and procedures therefor must be found in other statutes.
Your question, as stated, is answered in the negative.
The resolution in question was adopted by the Board of County Commissioners of Okaloosa County pursuant to ss. 125.31 and218.407(2), F. S. This resolution directs the clerk `to obtain bids from local banking institutions and from time to time invest any surplus funds that may become available at the highest and best rate available.'
Section 125.31, F. S., in pertinent part provides:
 (1) Except when another procedure is prescribed by law or by ordinance as to particular funds, the board of county commissioners shall, by resolution to be adopted from time to time, invest and reinvest any surplus public funds in their control or possession in the Local Government Surplus Funds Trust Fund or in negotiable direct obligations of, or obligations the principal and interest of which are unconditionally guaranteed by, the United States Government at the then prevailing market price for such securities.
 (2)(a) All securities purchased by any such board under the authority of this law shall be properly earmarked and immediately placed for safekeeping in a safety-deposit box in some bank or institution carrying adequate safety-deposit box insurance within such county, and no withdrawal of such securities in whole or in part shall be made from such safety-deposit box except upon authority evidenced by resolution of the board of county commissioners of such county.
 (b) The board of county commissioners may also receive bank trust receipts in return for investment of surplus funds in securities. Any trust receipts received must enumerate the various securities held together with the specific number of each security held. The actual securities on which the trust receipts are issued may be held by any bank depository chartered by the United States Government or the State of Florida or their designated agents.
 (3) When the money invested in such securities is needed in whole or in part for the purposes originally intended, the board of county commissioners of such county is authorized to sell such security or securities at the then prevailing market price and to pay the proceeds of such sale into the proper account or fund of the county.
 (4) For the purposes of this law, the term `surplus funds' is defined as funds in any general or special account or fund of the county . . . .
 (6) The provisions of this section are supplemental to any and all other laws relating to the legal investments of counties. (Emphasis supplied.)
Subsection (6) of s. 125.31, F. S., makes the provisions of s. 125.31 supplemental to all other laws relating to legal investments of counties. However, if a county elects to avail itself of the provisions of this law and invest its surplus funds pursuant to s. 125.31, then the board of county commissioners must comply with the applicable provisions thereof.
Section 1 of Ch. 77-394, Laws of Florida, now codified in its relevant part as s. 218.407, F. S., provides:
 (1) Upon the determination by the governing body that it is in the interest of the unit of local government to deposit surplus funds [as defined by s. 218.403(3), F. S.] in the trust fund, a resolution by the governing body shall be filed with the State Board of Administration authorizing investment of its surplus funds in the trust fund established by this part and other investments authorized by s. 215.47. The resolution shall name the local government official, who may be the chief financial or administrative officer of the local government, responsible for deposit and withdrawal of such funds and shall state the approximate cash flow requirements of the local government for the surplus funds to be invested.
 (2) The provisions of [part IV] shall not impair the power of a unit of local government to hold funds in deposit accounts
with banking institutions or to invest funds as otherwise authorized by law. (Emphasis supplied.)
Section 218.407(2), F. S., does not, by itself, authorize the board of county commissioners to invest county funds with any financial institution or to otherwise invest such funds. Such power must be found in other statutes. This subsection simply operates to reserve the power of the county commission to hold
funds in deposit accounts with banking institutions or to invest
funds as otherwise authorized by law. Section 218.407(1), F. S., clearly vests a discretion in the county commission, when it is in the best interest of the county, to utilize the provisions of part IV of Ch. 218, F. S. Thus, while the provisions of ss. 215.31 and218.407, F. S., are not compulsory or mandatory, both sections specify certain procedures with which the board of county commissioners must comply if the board elects to utilize the investment procedures specified therein.
Section 125.31, F. S., requires the board of county commissioners, once it elects to employ the provisions of s. 125.31, to `invest and reinvest any surplus public funds in their control or possession' in the Local Government Surplus Funds Trust Fund or in negotiable direct obligation of, or obligations guaranteed by, the United States Government or in `bank trust receipts.' Such investments are to be made pursuant to a resolution. Further, paragraph (2)(a) of s. 125.31 requires that any securities purchased be `properly earmarked and immediately placed for safekeeping in a safety-deposit box in some bank or institution carrying adequate safety-deposit box insurance within such county.' However, the actual securities on which any bank trust receipts are issued may be held by any bank depository chartered by the United States Government. Section 125.31(2)(b). No withdrawal of these securities can be made from such safety-deposit box except upon authority evidenced by resolution of the board of county commissioners. Section 125.31(2)(a).
Section 125.31, F. S., does not authorize the board of county commissioners to delegate its investment authority to the clerk of the circuit court nor does it authorize the clerk to `obtain bids from local banking institutions and from time to time invest any surplus funds that may become available at the highest and best rate obtainable.' Such authority, if any, must be found elsewhere in other laws.
If the board of county commissioners elects to utilize the Local Government Surplus Funds Trust Fund, s. 218.407(1), F. S., requires additionally that the board file a resolution with the State Board of Administration authorizing the county's surplus funds to be invested in the trust fund and that the resolution name the local official responsible for deposit and withdrawal of the surplus funds along with `the approximate cash flow requirements for the surplus funds.'
In conclusion, ss. 125.31 and 218.407, F. S., while permissive in application, do not authorize the board of county commissioners to direct the clerk of the circuit court to `obtain bids from local banking institutions' or to invest from time to time the county's available surplus funds with such banks.
Prepared by:
Craig B. Willis Assistant Attorney General